Todd M. Friedman (216752)
Meghan E. George (274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard Street, Suite 780
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiff, Pamela  Xiong, and all others similarly situated

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAMELA XIONG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | Case No.: |
| Plaintiffs, | **CLASS ACTION** |
| v. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| **ADIR INTERNATIONAL, LLC dba CURACAO;** | **JURY TRIAL DEMANDED** |
| Defendant. | |

///

///

///

///

///

*CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF*

## INTRODUCTION

1. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

2. PAMELA XIONG ("Plaintiff"), by Plaintiff's attorneys, brings this class action complaint to challenge the actions of ADIR INTERNATIONAL, LLC dba CURACAO; ("Defendant") with regard to Defendant's unauthorized and unlawful credit inquiry.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of California.

6. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*

9. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA").

10. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)-(c) because Defendant is headquartered in the City and County of Los Angeles, California; Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; Defendant's contacts with this District are sufficient to subject it to personal jurisdiction; and, a substantial part of the vents giving rise to the claims occurred in this District.

## PARTIES

11. Plaintiff is a natural person who resides in the County of Los Angeles, State of California, whose credit report was affected by an unauthorized inquiry. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was a corporation with its principal place of

business in Los Angeles, California and State of Incorporation in the State of California.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

## STATUTORY BACKGROUND

14. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

15. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies.  Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  15 U.S.C. § 1681(a)(4).

16. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

17. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

18. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained

for a purpose for which the consumer report is authorized to be furnished under this section."

19. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

## FACTUAL ALLEGATIONS

20. At all times relevant, Plaintiff is an individual residing within the State of California.

21. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

22. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

23. Plaintiff had an open account with Defendant since 2018, which was at all times in good standing. Plaintiff had never been late on any payments.

24. On or about June 2020, Plaintiff attempted to purchase an Air Conditioning unit $500.00, which was well within her existing credit line with Defendant.

25. Plaintiff was told her card needed to "update her information". Plaintiff was told that her card was inactive since she had not made any purchases on the card in two years, and that she needed to reapply for the credit card that she already had.

26. Plaintiff did not wish to have any further credit inquiries, especially for a card that she already had, so Plaintiff did not reapply, nor did she wish to.

27. Subsequently on June 20, 2020, Plaintiff received a credit alert that Defendant made a credit inquiry on her card.

28. Defendant made this credit inquiry only after Plaintiff explicitly stated that she did not wish to reapply for the card. At no time did Plaintiff authorize the Defendant to make a credit inquiry.

29. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

30. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

31. Defendant violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

32. Defendant's inquiry does not qualify as a "firm offer of credit" under the FCRA.

### CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

34. Plaintiff represents, and is a member of the Class, consisting of:

> All persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an unauthorized consumer credit report inquiry by Defendant within the five-year period prior to the filing of Plaintiff's Complaint.

35. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

36. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 et seq. Plaintiff and the Class members were damaged thereby.

37. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal

injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries without the consent of members of the Class;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations;

    c. Whether Plaintiff and the Class members suffered actual damages as a result of Defendant's conduct;

    d. Whether Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's conduct;

    e. Whether Plaintiff and the Class members are entitled to injunctive relief;

    f. Whether Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees and costs;

    g. Whether Plaintiff will fairly and adequately protect the interest of the Class; and,

    h. Whether Plaintiff's counsel will fairly and adequately protect the interest of the Class.

40. As a person who suffered an unauthorized consumer credit report inquiry by Defendant on her credit report, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

41. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

43. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681-1692x (FCRA)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

47. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

48. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper Class representative, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

- An award of statutory damages of not less than $100 and not more than $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- An award of any such amount as the court may allow for all other class members, against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to

15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendant; and,

- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: July 26, 2021                                         Respectfully submitted,


                                                    Law Offices of Todd M. Friedman


                                          By:  ___/s/Todd M. Friedman__
                                                    TODD M. FRIEDMAN, ESQ.
                                                    ATTORNEY FOR PLAINTIFF